UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS and GLORIA ROSALES,<br><br>　　　　　　　　　　　Plaintiffs,<br>　　v.<br>THE MORTGAGE STORE FINANCIAL INC., et al.,<br><br>　　　　　　　　　　　Defendant. | CASE NO: 10-CV-0031W (WVG)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 5]** |

On January 6, 2009, Plaintiffs Carlos and Gloria Rosales, filed this lawsuit against Defendants Mortgage Store Financial Inc., Indymac Bank, Athome Funding, Quality Loan Service Corporation, F.S.B., and One West Bank. On January 15, 2010, Defendant One West Bank, as successor in interest to certain assets and liabilities of IndyMac Bank, FSB, moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs have opposed the motion.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss. (Doc. 5.)

///

///

## I. BACKGROUND

On October 31, 2006, Plaintiffs obtained two "piggybacked" mortgage loans from Defendants to finance the purchase of real property located at 1681 Thompson Ave., Chula Vista, California. (*Compl.* [Doc. 1[1]], 2:26; *see also Mt. to Dismiss (MTD)* [Doc. 5-1], 2:10.)  By December 2008, Plaintiffs had failed to make payments on their loans, and on December 12, 2008, Defendants served Plaintiffs with a "Notice of Default And Election to Sell Under Deed of Trust." (*MTD Exhibit List* [Doc. 5-3], Ex. B.)

On October 09, 2008, Plaintiffs filed a civil action in the San Diego Superior Court (Case No. 37-2008-00073696-CU-BT-SC) asserting ten claims involving the two mortgages.  The ten claims were for: (1) Slander of Title; (2) Quiet Title; (3) Injunctive Relief; (4) Fraud; (5) Negligent Infliction of Emotional Distress; (6) Negligence; (7) RICO; (8) TILA; (9) RESPA; and (10) Cancellation Based on Fraud and Impossibility of Performance. (*See also MTD* at 1:7.)

On February 9, 2009, Plaintiffs' civil action was removed to the Southern District of California and assigned civil case no. 09-CV-00235 IEG ("*Rosales I*").  On October 16, 2009, after Plaintiffs had filed two amended complaints, Chief Judge Irma E. Gonzalez granted an unopposed motion to dismiss and ordered the entire case dismissed with prejudice. (*See* Rosales I, Doc.44.)

On January 6, 2010, Plaintiffs filed the current action involving the same two mortgages at issue in *Rosales I*.  The Complaint alleges the following claims: (1) Intentional Misrepresentation; (2) Quiet Title; (3) Violations of TILA; (4) Violations of RESPA; (5) Violation of CA Bus & Prof Code § 17200; (6) Violation of California Civil Code  § 1632. (*Compl.* at 1.)  On January 27, 2010, Defendant One West Bank moved to dismiss the lawsuit.[2]

---

[1]Unless otherwise indicated, all docket references are to Case No. 10-cv-0031.

[2]On March 11, 2010, Plaintiffs filed an amended complaint.  Based on that filing, Plaintiffs assert that the amended complaint supersedes the original Complaint and thereby

## II.     LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. See North Star Int'l v. Arizona Corp. Comm'n., 720 F.2d 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful in fact," are assumed to be true. Id. The court must assume the truth of all factual allegations and must "construe them in light most favorable to the nonmoving party." Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed. Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

As the Supreme Court recently explained, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically

---

renders Defendant's motion to dismiss moot. However, Federal Rule of Civil Procedure 15(a) states that a party may amend its pleading as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because Plaintiffs did not file their amended complaint until a full 42 days after Defendant served its 12(b) motion, Plaintiffs could not file the amended complaint without first obtaining a court order. Thus, the filing of the amended complaint does not moot Defendant's motion.

1 identified in the complaint whose authenticity is not questioned by parties. <u>Fecht v.
2 Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superceded by statutes on other
3 grounds). Moreover, courts may consider the full text of those documents, even when
4 the complaint quotes only selected portions. <u>Id.</u> Courts may also consider material
5 properly subject to judicial notice without converting the motion into one for summary
6 judgment. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994) (citing <u>Mack v. South
7 Bay Beer Distribs., Inc.</u>, 798 F.2d 1279, 1282 (9th Cir. 1986); *abrogated on other grounds
8 by* <u>Astoria Federal Savings and Loan Ass'n v. Solimino</u>, 501 U.S. 104 (1991)).

## III.  DISCUSSION

Defendant argues that Plaintiffs' Complaint must be dismissed in its entirety because it is barred by res judicata. The Court agrees.

Res judicata or claim preclusion bars "lawsuits on 'any claims that were raised or could have been raised' in a prior action." <u>Stewart v. U.S. Bancorp</u>, 297 F.3d 953, 956 (9th Cir.2002) (quoting <u>Owens v. Kaiser Found. Health Plan, Inc.</u>, 244 F.3d 708, 713 (9th Cir.2001)). It is immaterial whether the claims asserted following the judgment were actually pursued in the previous action. <u>U.S. ex rel Barajas v. Northrop Corp.</u>, 147 F.3d 905, 909 (9th Cir. 1998). A prior federal action may have preclusive effect on a subsequent action if the issue was litigated and the decision was on the merits. <u>Hawkins v. Risley</u>, 984 F.2d 321, 323 (9th Cir. 1993).

Claim preclusion requires the moving party to satisfy three elements: (1) an identity of the claims, (2) the previous action must have resulted in a final judgment on the merits, and (3) the present action must involve the same parties or persons in privity of interest. <u>Providence Health Plan v. McDowell</u>, 385 F.3d 1168, 1173–1174 (9th Cir. 2004). To determine an identity of the claims courts look to "whether the two suits arise out of the same transactional nucleus of facts." <u>Robertson v. Isomedix, Inc.</u>, 28 F.3d 965, 970 (9th Cir. 1994).

The Complaint in this case, as well as all three complaints in <u>Rosales I</u>, directly relate to the two "piggybacked" mortgages used to purchase the real property located at 1681 Thompson Ave., Chula Vista, California. (*See Compl.* at 2:26; <u>Rosales I</u>, Doc.1.) Additionally, in <u>Rosales I</u>, Plaintiffs asserted claims against Mortgage Store Financial Inc., Indymac Bank, Athome Funding, Quality Loan Service Corporation, F.S.B., and One West Bank, the same defendants in the present action. (*See Compl.*, 2:8–13;) Furthermore, Plaintiffs' claims of misrepresentation, fraud, quiet title, TILA and RESPA violations were all previously asserted in <u>Rosales I</u>. (*See* <u>Rosales I</u>, Doc.14.) Lastly, Plaintiff's second amended complaint in <u>Rosales I</u> was adjudicated and dismissed with prejudice and, therefore, resulted in a final judgment on the merits. (<u>Rosales I</u>, Doc.44; *see also* MTD at 5:24.)

Because all of the Plaintiffs' claims relate to the same underlying transaction, were asserted against the same parties in <u>Rosales I</u>, and have been actually litigated "on the merits," Plaintiffs' claims in this case are bared by res judicata.

## IV. CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** Defendant's motion to dismiss (Doc. 5). Because the Court finds Plaintiff's claims are bared by res judicata, leave to amend in not warranted in this case.

**IT IS SO ORDERED.**

DATED: July 2, 2010

_____
Hon. Thomas J. Whelan
United States District Judge